IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID GEORGE BRACE,**

                 **Petitioner,**

    **v.**                                           **CASE NO. 07-3209-RDR**

**UNITED STATES OF AMERICA, et al.,**

                 **Respondents.**

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner incarcerated in the Federal Prison Camp in Leavenworth, Kansas. Having reviewed the record, the court dismisses the petition.

Factual and Procedural Background

Petitioner was arrested in 1995 and convicted in the Western District of Texas on money laundering charges. The Fifth Circuit Court of Appeals initially reversed the conviction, finding petitioner had been entrapped, but affirmed petitioner's conviction upon en banc review.[1] Petitioner thereafter sought relief under 28 U.S.C. § 2255 without success on allegations of ineffective assistance of counsel.[2] Petitioner filed a second § 2255 motion seeking relief under Blakely v. Washington, 542 U.S. 296 (2004), and

---

[1] U.S. v. Brace, 112 F.3d 802 (5th Cir. 1997)(conviction vacated),145 F.3d 247 (5th Cir.)(conviction affirmed)(*en banc*), *cert. denied*, 525 U.S. 973 (1998).

[2] Brace v. United States, Case No. 99-CV-01248-ECP (W.D. Tex.).

United States v. Booker, 543 U.S. 220 (2005).  The district court dismissed that action without prejudice for lack of jurisdiction, noting petitioner's failure to obtain authorization from the Fifth Circuit Court of Appeals to proceed on a second or successive motion under 28 U.S.C. § 2255.[3]  Petitioner then filed a habeas petition under 28 U.S.C. § 2241 in the Eastern District of Texas which that court dismissed without prejudice for lack of jurisdiction.[4]

In the present action, petitioner claims that he was entrapped as a matter of law, that the jury instructions in his criminal case omitted an essential element, and that the adoption of the probation officer's report without independent findings of fact violated petitioner's rights under the Fifth and Sixth Amendments.

## Discussion

The court first finds the petition is subject to being summarily dismissed because petitioner raised the very same claims and arguments in the amended petition he filed under 28 U.S.C. § 2241 in the Eastern District of Texas.  Ordinarily, a second § 2241 petition that presents no new grounds for relief is subject to being dismissed as a successive petition absent a showing that the "ends of justice" require consideration of a second petition.  George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995)(discussing 28 U.S.C. § 2244(a)).  Petitioner's renewed presentation of arguments that were previously rejected in the earlier proceeding does not satisfy this

---

[3] Brace v. United States, Case No. 05-CV-00484-WRF (W.D.Tex. June 23, 2005)

[4] Brace v. FCI Warden, Texarkana, TX, Case No. 05-CV-00184-DF-CMC (E.D.Tex. October 26, 2005).

standard.  *See also*  Ackerman v. Novak,  483 F.3d 647, 649-50 (10th Cir. 2007)(noting but not deciding whether § 2244(a) "incorporates the appellate pre-authorization gatekeeping requirements of § 2255 para. 8, which sets forth the grounds upon which a circuit court may authorize a second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedures in § 2244(b)(3)").

But more fundamentally, this court has no jurisdiction under 28 U.S.C. § 2241 to consider petitioner's challenge to the validity of his conviction and sentence where petitioner has made no showing that the remedy afforded under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of [his] detention."  Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).  "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."  Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).  No basis for such a finding in the present case is apparent on the face of the record.  Nor does petitioner's invocation of Rule 52(b) of the Federal Rules of Criminal Procedure to claim plain error in his conviction and sentence in the Western District of Texas establish any basis for proceeding in the District of Kansas under 28 U.S.C. § 2241.

Conclusion

For these reasons the court concludes the petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that the petition for writ of habeas

corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 16th day of April 2008, at Topeka, Kansas.


                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge